# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LYNE RODIS,

    Plaintiff,

v.

DLJ MORTGAGE CAPITAL, INC., *et al.*,

    Defendants.

Case No. 12-cv-00271-KJD-VCF

**ORDER**

    Before the Court is Plaintiff's Motion to Remand (#7). Defendant DLJ Mortgage Capital, Inc. ("DLJ Mortgage") filed a response in opposition (#11) to which Plaintiff replied (#13).

    Also before the Court is DLJ Mortgage's Motion to Dismiss (#8) and Motion to Expunge Lis Pendens (#9). Plaintiff filed a response in opposition to both motions (#12). DLJ Mortgage then filed replies to the opposition to the Motion to Expunge Lis Pendens (#16) and to the opposition to the Motion to Dismiss (#17).

I. Background

    On February 28, 2006, Plaintiff Lyne Rodis purchased the property located at 9661 Gondolier Street, Las Vegas, Nevada and executed a Deed of Trust and Note for $696,000. The Deed of Trust was recorded on March 7, 2006 in the Clark County Recorder's Office. On the Deed of Trust, Countrywide Home Loans, Inc. was listed as the lender or beneficiary and Recon Trust Company,

N.A. was designated as the Trustee. MERS, or Mortgage Electronic Registration Systems, Inc., was designated as "nominee for Lender and Lender's successors and assigns."

On June 26, 2009, Quality Loan Service Corporation recorded a Notice of Default, listing a default date of June 1, 2007. On July 9, 2009, a Substitution of Trustee was filed wherein MERS substituted Quality Loan Service Corporation as Trustee. The Substitution was dated June 26, 2009. On July 17, 2009, MERS recorded a Corporate Assignment of Deed of Trust, which named DLJ Mortgage as the new beneficiary on the Deed of Trust.

On February 28, 2011, a Notice of Trustee's Sale was recorded, setting a sale date of March 22, 2011. On March 25, 2011, a Trustee's Deed Upon Sale was recorded. Plaintiff then recorded a Notice of Lis Pendens on July 1, 2011, and a second Notice of Lis Pendens on February 15, 2012.

On February 13, 2012, Plaintiff filed a Complaint and Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff filed the complaint in Nevada state court. On February 21, 2012, DLJ Mortgage removed the case to this Court.

II. Motion to Remand

In Plaintiff's Motion to Remand (#7) and reply to the opposition to remand (#13), Plaintiff argues that the parties should be realigned such that DLJ Mortgage is the plaintiff for purposes of removal, which would preclude DLJ Mortgage from removing the case to federal court. Plaintiff also argues that the court does not have subject matter jurisdiction over this case. Plaintiff asserts that there is no federal question jurisdiction because the state law claims have not been preempted by federal law, and that there is no diversity jurisdiction because the $75,000 amount in controversy requirement has not been met.

A. Realignment of the Parties

A defendant may remove a case to federal court when either the action arises under federal law or the parties are diverse and the matter in controversy exceeds the sum or value of $75,000. See 28 U.S.C. §§ 1331, 1332, 1441.

Removal is authorized only by "the defendant or the defendants." See 28 U.S.C. §§ 1441, 1446. Nowhere in the United States Code is there any express or implied authorization of removal by plaintiffs. The Supreme Court has held that the language of the removal statute indicates Congress's intent to authorize removal by defendants only. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-07 (1941).

Plaintiff argues that this Court should realign the parties such that DLJ Mortgage is the plaintiff for purposes of removal. Plaintiff cites two United States Supreme Court decisions to support her argument: Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574 (1954) and Mason City & Fort Dodge R.R. Co. v. Boynton, 204 U.S. 570 (1907). In each of these cases, the Court realigned the parties because state law had classified the parties in a manner inconsistent with federal law. See Stude, 346 U.S. at 579-80; Boynton, 204 U.S. at 579-80. Here there is no conflict between state and federal law in terms of party classification. Plaintiff has played the role of plaintiff throughout this action by instituting the case in state court and seeking various forms of relief. Accordingly, the Court declines to realign the parties and holds that DLJ Mortgage is properly classified as the defendant.

B. Diversity Jurisdiction

In state civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States," a defendant can remove the case to federal court based on diversity jurisdiction. See 28 U.S.C. §§ 1332(a)(1), 1441.

To determine whether the $75,000 amount in controversy requirement has been met, "the status of a case as disclosed by a plaintiff's complaint is controlling in the case of a removal . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Paschinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363-64 (9th Cir.1986)."In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Cohn v. Petsmart, 281 F.3d 837, 840 (quoting Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)).

3

1   It is undisputed that the parties are citizens of different states. However, Plaintiff argues that the amount in controversy fails to meet the $75,000 minimum. Here, the complaint seeks injunctive relief, and the object of the litigation is the $696,000 loan. Accordingly, the amount in controversy requirement is met and the Court finds that the exercise of diversity jurisdiction is proper in this case. The Court denies Plaintiff's Motion to Remand.

### C. Federal Question Jurisdiction

As an alternative basis for removal, Defendant DLJ Mortgage argues that the action also arises under federal law. To support such an argument, DLJ Mortgage must show that Plaintiff has either alleged a federal claim, a state claim that requires a resolution of a substantial issue of federal law, or a state claim completely pre-empted by federal statute. See, e.g., Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987). To date, the Ninth Circuit has acknowledged only five statutes which completely preempt well-pleaded state law claims: (1) § 301 of the Labor Management Relations Act of 1947; (2) § 502(a) of the Employee Retirement Security Act of 1974; (3) §s 85 and (4) 86 of the National Bank Act of 1864; and (5) the Carmack Amendment, 49 U.S.C. § 14706. See Hall v. N. American Van Lines, Inc., 476 F.3d 683, 688 n.3 (9th Cir. 2007).

Defendant DLJ Mortgage argues that federal question jurisdiction is proper in this case because Plaintiff's causes of action have been completely preempted by federal banking laws. However, DLJ Mortgage does not mention any of the five statutes identified above, nor does it cite any case law to support its position that Nevada laws governing non-judicial foreclosure should be preempted by federal law. Accordingly, this Court will not expand the areas of state law completely preempted by federal statute. As preemption was the only argument presented to justify the exercise of federal question jurisdiction[1], the Court finds that such an exercise would not be proper in this case.

---

[1] Defendant also claims that in paragraph 34 of the Complaint, Plaintiff alleges violations of her "constitutional rights under the Constitution, Article 1, § 1." However, the Court is unable to locate within paragraph 34 of the Complaint any reference to the Constitution and therefore does not address the issue.

4

III. Motion to Dismiss

    A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  Id. at 680-81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  Id. at 681.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 678.

    B. Deceptive Trade Practices

The Nevada Deceptive Trade Practices Act ("NDTPA"), codified as NRS § 598, prohibits a seller from making false statements or misrepresentations about his or her goods or services, or failing to disclose material facts about his or her goods or services. See generally NRS § 598.

Plaintiff asserts that Defendant DLJ Mortgage violated the NDTPA, specifically citing NRS § 598.0915(5) and (15), and § 598.092(8). The Courts of this District have previously held that NRS § 598 applies only to goods and services and not to real estate loan transactions. See, e.g., Reyna v. Wells Fargo Bank, N.A., 2011 WL 2690087, at *9 (D. Nev. July 11, 2011). Despite the weight of authority to the contrary, Plaintiff argues that the scope of NRS § 598 should be expanded to include real estate loan transactions. This Court declines to expand the scope of the NDTPA. Accordingly, Plaintiff's first cause of action is dismissed.

///

///

5

C. Violation of NRS Chapter 107

NRS § 107.080 governs nonjudicial foreclosure in Nevada and provides that when a trustor defaults, the "beneficiary, the successor in interest of the beneficiary or the trustee" may start the foreclosure process by executing and recording a Notice of Default and a Notice of Trustee's Sale. NRS § 107.080(2)(c). The "trustee or other person authorized to make the sale under the terms of the trust deed or transfer in trust" then conducts the sale. NRS § 107.080(4).

Plaintiff argues that DLJ Mortgage failed to provide Plaintiff with a copy of the promissory note during the foreclosure process, which makes the foreclosure sale invalid. Providing the note is a requirement for foreclosure mediation. Pasillas v. HSBC Bank USA, 255 P.3d 1281, 1285 (Nev. 2011). However, the "case law within this district holds that the Nevada law governing nonjudicial foreclosure . . . does not require a lender to produce the original note as a prerequisite to nonjudicial foreclosure proceedings." Byrd v. Meridian Foreclosure Service, 2011 WL 1362135, at *2 (D. Nev. April 8, 2011); see also Urbina v. Homeview Lending, Inc., 681 F. Supp. 2d 1254, 1258 (D. Nev. 2010). Accordingly, the Court finds that DLJ Mortgage's failure to provide Plaintiff with a copy of the note does not invalidate the foreclosure sale.

Plaintiff next argues that the foreclosure should be invalidated because MERS had no authority to name DLJ Mortgage as the new beneficiary or Quality Loan Service as the new trustee. MERS is the nominee of the beneficiary, not the actual beneficiary, and Plaintiff argues that a nominee is not authorized to make assignments or substitutions. As such, Plaintiff argues that Quality Loan Service was not authorized to record the Notice of Default or the Notice of Trustee's Sale, and that DLJ Mortgage is not authorized collect from the trustee's sale. The Courts of this District and the Ninth Circuit have previously rejected such arguments. See, e.g., Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir. 2011). Plaintiff has not shown why this Court should not follow controlling case law. According, Plaintiff's second cause of action is dismissed.

///

#### D. Declaratory Relief, Injunctive Relief, and Attorney's Fees

Declaratory relief, injunctive relief, and attorney's fees are remedies, not causes of action or independent grounds for relief. See In re Wal-Mart Wage & Hour Emp't Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). As discussed in this order, Plaintiff has failed to state a claim for which the above remedies could be granted. Accordingly, Plaintiff's request for declaratory relief, injunctive relief, and attorney's fees is denied.

### IV. Motion to Expunge Lis Pendens

NRS § 14.010 allows a Notice of Pendency or a Lis Pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real propery, which is pending," an any such court. NRS § 14.010(2). As discussed in this order, Plaintiff's claims are dismissed and the action is no longer pending. Accordingly, expungement of the Lis Pendens is appropriate.

### V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#7) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant DLJ Mortgage's Motions to Dismiss (#8) and Expunge Lis Pendens (#9) are **GRANTED**.

Dated this 11th day of September 2012.

_____
Kent J. Dawson
United States District Judge